UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. 2:14-cv-02666-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| ARMANDO ANGULO, et al., | |
| Defendants. | |

This matter is before the court on the motion by plaintiff J & J Sports Productions, Inc. (J & J Sports) to strike defendant Armando Angulo's affirmative defenses. (ECF No. 11.) Plaintiff contends that all thirteen affirmative defenses in defendant's answer should be stricken under Federal Rule of Civil Procedure 12(f). (*Id.* at 5.) Defendant has filed neither an opposition nor a notice of non-opposition. The court submitted the matter without a hearing. As explained below, the court GRANTS the motion.

I.  BACKGROUND

Plaintiff J & J Sports alleges it was granted the exclusive nationwide commercial distribution (closed-circuit) rights to "The Clash in Cotai": Manny Pacquiao v. Brandon Rios, WBO Welterweight Championship Fight Program (Program), telecast nationwide on November 23, 2013. (Compl. ¶¶ 20–21, ECF No. 1.) Plaintiff is a California corporation. (*Id.* ¶ 6.) Defendant is the owner of a commercial establishment, Taqueria El Portal. (*Id.* ¶¶ 7–9.) Plaintiff

1

claims "defendants unlawfully intercepted the Program at the time of its transmission at their commercial establishment in North Highlands, California." (*Id.* ¶ 23.) The complaint alleges four claims: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code section 17200, *et seq*. (*See generally* Compl., ECF No. 1.) Defendant Armando Angulo answered and denied the allegations on March 9, 2015. (*See generally* ECF No. 7.) Defendant also raised thirteen affirmative defenses, (*id.*), which plaintiff now moves to strike. (ECF No. 11.)

II.     STANDARD FOR A MOTION TO STRIKE

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike allows a litigant "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. 10–2123, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011). However, "[m]otions to strike are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.* (internal quotation marks omitted).

III.    ANALYSIS

Plaintiff argues this court should apply the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), to determine the sufficiency of defendant's affirmative defenses. (ECF No. 11 at 4.) In the alternative, plaintiff argues the court need not address the *Twombly* standard because the affirmative defenses must be stricken even under a lower standard. (*Id.* at 5–6.)

As an initial matter, the court notes that the Ninth Circuit has yet to address whether the heightened pleading standard applies to pleading affirmative defenses. *See Hayden v. United States*, No. 14-1060, 2015 WL 350665, at *5 (D. Or. Jan. 26, 2015). This court need not

2

1 reach that issue because, as set forth below, the challenged affirmative defenses do not meet the
2 lower pleading standard. *Accord J & J Sports Prods., Inc. v. Luhn*, No. 10-03229, 2011 WL
3 5040709, at *3 (E.D. Cal. Oct. 24, 2011); *J & J Sports Prods., Inc. v. Montanez*, No. 10-01693,
4 2010 WL 5279907, at *2 (E.D. Cal. Dec. 13, 2010).

        A.      Affirmative Defenses in General

        "An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (internal quotation marks omitted). "It is a defense on which the defendant has the burden of proof." *Barnes*, 718 F. Supp. 2d at 1174. On the other hand, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense," but a negative defense. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). While courts rarely grant Rule 12(f) motions to strike affirmative defenses, if an affirmative defense is a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted. *See Barnes*, 718 F. Supp. 2d at 1173.

        B.      First Affirmative Defense: Failure to State a Claim

        Defendant's first affirmative defense provides, "Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant." (ECF No. 7 at 7.) Failure to state a claim is not an affirmative defense, rather it is an assertion of a defect in a plaintiff's prima facie case. *See Joe Hand Promotions, Inc. v. Estradda*, No. 10-02165, 2011 WL 2413257, at *2 (E.D. Cal. June 8, 2011); *see also Barnes*, 718 F. Supp. 2d at 1174. Accordingly, defendant's first affirmative defense is STRICKEN.

        C.      Second and Third Affirmative Defenses: Individual Liability

        Defendant's second affirmative defense provides, "Defendant cannot be held 'individually liable for actions, if any, of other individuals,' and Defendant did not reap any commercial profit from any alleged violation." (ECF No. 7 at 7.) Defendant's third affirmative defense alleges, "Plaintiff's complaint is insufficiently pled for purposes of a claim against

Defendant in his individual capacity." (*Id.*)  Both of those defenses are essentially the same as the first affirmative defense.  *See Estradda*, 2011 WL 2413257, at *2 (striking the same affirmative defenses).  Accordingly, defendant's second and third affirmative defenses are STRICKEN.

D. Fourth, Fifth, and Eighth Affirmative Defenses: Damages

Defendant's fourth, fifth, and eighth defenses raise issues of double recovery and calculating damages.  (ECF No. 7 at 7.)  Defendant asserts plaintiff cannot recover under 47 U.S.C. § 553 or § 605, and cannot recover damages for conversion because such a recovery would otherwise result in duplicative recovery.  *Id.*  In a similar case, the court granted plaintiff's motion to strike defendant's affirmative defense asserting that plaintiff's recovery for conversion would be duplicative of damages awarded under Sections 553 or 605.  *Joe Hand Promotions, Inc. v. Garcia*, No. 11-02030, 2012 WL 1413940, at *2 (E.D. Cal. Apr. 23, 2012), *report and recommendation adopted*, No. 11-02030, 2012 WL 1720244 (E.D. Cal. May 15, 2012).  Here as well, defendant is free to raise the duplicative recovery theories in defenses four and five during the litigation, but these are not accurately characterized as affirmative defenses.  *Estradda*, 2011 WL2413257, at *3; *see also Abou–Khadra v. Mahshie*, 4 F.3d 1071, 1079 n.7 (2d Cir. 1993) (defense that damages cannot be awarded for both breach of release and underlying claim concerns propriety of full damages on mutually exclusive claims rather than affirmative defense).

The eighth defense, asserting that damages should be capped, also is stricken.  *See Pickern v. Chico Steakhouse, LP*, No. 12-02586, 2013 WL 4051640, at *5 (E.D. Cal. Aug. 8, 2013) (such a defense not an affirmative defense).  Accordingly, defendant's fourth, fifth, and eighth defenses are STRICKEN.

E. Sixth Affirmative Defense: No Cable System

Defendant's sixth affirmative defense alleges: "Defendant cannot be liable as a matter of law under Section 605 because there was no cable system at the establishment."  (ECF No. 7 at 7.)  On its face, this defense as pled points to an alleged deficiency in plaintiff's prima facie case.  *See Estradda*, 2011 WL 2413257, at *4; *see also Zivkovic*, 302 F.3d at 1088 ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").  Accordingly, defendant's sixth affirmative defense is STRICKEN.

4

F.     Seventh Affirmative Defense: Causation and Third-Party Liability

Defendant's seventh affirmative defense states: "Any damages to Plaintiff were not caused by Defendant, but were the result of Plaintiff's own actions or breaches, or the acts of third parties over which Defendant has no control." (ECF No. 7 at 7.) This too is "an attack on the prima facie elements of Plaintiff's claim and is not an affirmative defense." *Estradda*, 2011 WL 2413257, at *4. Even assuming this were an affirmative defense, it would be immaterial, as it is not a proper defense to any of plaintiff's claims. *See J & J Sports Prods., Inc. v. Enedina Soto*, No. 10-885, 2010 WL 3911467, at *2 (S.D. Cal. Sept. 28, 2010) (striking defendant's affirmative defense asserting that plaintiff or third-party caused damages because no negligence pled). *See also Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (striking defenses asserting third-party responsibility and comparative negligence because they did not absolve defendant of liability); *Richter v. City of Des Moines*, No. 10-461, 2012 WL 1099179, at *2 (W.D. Wash. Apr. 2, 2012) ("The Court agrees with Plaintiffs that there is no formal affirmative defense of 'third-party liability,'" however, defendant may pursue theory at trial, asserting plaintiff or its agents caused damages). Accordingly, the seventh affirmative defense is STRICKEN.

G.     Ninth Affirmative Defense:  Conversion

The ninth affirmative defense states, "A broadcast signal is not the proper subject for a claim for conversion under California law." (ECF No. 7 at 7.) "This does not constitute an affirmative defense[;]" rather, this too is an attack on plaintiff's prima facie case. *Estradda*, 2011 WL 2413257, at *4. Furthermore, this legal assertion is insufficient as a matter of law. The interception of a broadcast signal can sustain a claim for conversion under the relevant case law. *See DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (while conversion generally applied to tangible property, "programming" constitutes personal property protected by common law tort); *see also A & M Records, Inc. v. Heilman*, 75 Cal. App. 3d 554, 570 (1978). Accordingly, the ninth affirmative defense is STRICKEN.

/////

/////

5

H.   Tenth Affirmative Defense: Unjust Enrichment

The tenth affirmative defense alleges plaintiff will be unjustly enriched if awarded the relief sought.  (ECF No. 7 at 7.)  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  "A defense may be struck if it fails to provide 'fair notice' of the basis of the defense."  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004).  Here, defendant provides no factual basis supporting the defense, thereby not meeting the standard set out in *Wyshak*.  *See Qarbon.com Inc.*, 315 F. Supp. 2d at 1049–50 (striking affirmative defenses of waiver and estoppel where defendant failed to provide any factual basis).  Accordingly, defendant's tenth affirmative defense is STRICKEN.

I.   Eleventh Affirmative Defense: Mitigation of Damages

The eleventh affirmative defense asserts plaintiff's claims are barred because it did not mitigate damages.  (ECF No. 7 at 7.)  However, mitigation of damages is immaterial to the claims here.  *See G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, *5 (N.D. Cal. Sept. 23, 2010).  In *Nguyen*, plaintiff alleged interception of a program over which plaintiff owned exclusive commercial rights.  *Id.* at 1.  The court held that the defendant's affirmative defense regarding the mitigation of damages was irrelevant where the plaintiff had alleged the same claims as in this case.  *Id.* at 5; *see also J & J Sports Productions, Inc. v. Coyne*, 2011 WL 227670, *2 (N.D. Cal. Jan. 24, 2011) (striking failure to mitigate defense with prejudice as irrelevant to claims alleging defendant's display of program when plaintiff had exclusive distribution rights).  Accordingly, defendant's eleventh affirmative defense is STRICKEN.

J.   Twelfth Affirmative Defense: Statute of Limitations

The twelfth affirmative defense states plaintiff's claims are barred by the applicable statute of limitations.  (ECF No. 7 at 8.)  This defense cannot proceed as a matter of law. The statute of limitations for violations of 47 U.S.C. §§ 605 and 553 is one year.  *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847–48 (9th Cir. 2008).  The statute of limitations for conversion is three years, Cal. Code Civ. Pro. § 338(c); *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006), and the statute of limitations for claims under the California

6

1  Business and Professions Code is four years, Cal. Bus. & Profs. Code § 17208.  In evaluating a
2  motion to strike, the court must treat all well-pleaded facts as true.  *Sepra v. SBC Telecomms.,*
3  *Inc.*, No. 03-4223, 2004 WL 2002444, at *1 n.1 (N.D. Cal. Sept. 7, 2004).  As in *Estradda*, if the
4  defendant fails to offer any factual assertion that the program was televised on a day other than
5  that alleged by plaintiff, the court is obligated to assume the broadcasting date is accurate.
6  *Estradda*, 2011 WL 201466, at *1–2.  Here, the complaint alleges the broadcast was intercepted
7  on November 23, 2013.  (Compl. ¶ 20.)  Defendant does not assert the broadcasting occurred on
8  any other day.  The complaint was filed on November 14, 2014.  (ECF No. 1.)  This satisfies all
9  applicable statutes of limitations.  Accordingly, defendant's twelfth affirmative defense is
10 STRICKEN.

   K.  Thirteenth Affirmative Defense: Lawful License

12      In the thirteenth defense, defendant asserts he believed he obtained a lawful license
13 to broadcast the program when it was purchased through Dish Network.  (ECF No. 7 at 7.)  An
14 affirmative defense presumes all allegations of the complaint are true.  *J & J Sports Prods., Inc. v.*
15 *Catano*, No. 12-00739, 2012 WL 5424677, at *3 (E.D. Cal. Nov. 6, 2012) ("A denial of
16 allegations in the complaint . . . is not a proper affirmative defense); *see also Solis v. Couturier*,
17 08-02732, 2009 U.S. Dist. LEXIS 63271, at *8–9 (E.D. Cal. July 8, 2009).  "Affirmative defenses
18 plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to
19 recover, even if the allegations of the complaint are true."  *Federal Deposit Ins. Corp. v. Main*
20 *Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987); *J & J Sports Prods., Inc. v. Walia*, No. 10-
21 5136, 2011 WL 1134458, at *2 (N.D. Cal. Mar. 28, 2011).  In the complaint, plaintiff alleges
22 defendant did not obtain a license.  (Compl. ¶¶ 21–23, ECF No. 1).  Here, defendant is not
23 denying liability irrespective of the allegations in the complaint, but directly attacks plaintiff's
24 assertions.  Accordingly, defendant's thirteenth affirmative defense is STRICKEN.
25 /////
26 /////
27 /////
28 /////

IV.     CONCLUSION

The court GRANTS plaintiff's motion to strike defendant's affirmative defenses with leave to amend.  Defendant Armando Angulo may file an amended answer within thirty (30) days of the date of the filing of this order.

IT IS SO ORDERED.

DATED:  August 21, 2015.

_____
UNITED STATES DISTRICT JUDGE